

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-8-2005

# Yang v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4361

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Yang v. Atty Gen USA" (2005). *2005 Decisions.* Paper 1042.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1042

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-4361
_____

DING FENG YANG,
Petitioner,

v.

*ATTORNEY GENERAL OF THE UNITED STATES,
Responent

_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
(Agency No. A79 682 421)

_____

Submitted Under Third Circuit LAR 34.1(a)
May 25, 2005

BEFORE: ALITO, SMITH and BECKER, <u>CIRCUIT JUDGES</u>

(Filed: June 8, 2005 )
_____

OPINION
_____

PER CURIAM

Ding Feng Yang seeks review of a final order of removal issued by the Board of

Immigration Appeals ("BIA"). For the reasons that follow, we will deny the petition.

Because we write only for the parties, who are familiar with the facts and background, we will not recount them except as necessary to our discussion. Yang, a citizen of the People's Republic of China, entered the United States in 2002 without valid documents. He appeared before an Immigration Judge ("IJ") and conceded that he was removable on this basis. Yang applied for asylum, withholding of removal, and relief under the Convention Against Torture on the ground that he faced persecution and torture on account of his religion, Christianity. The IJ first ruled that Yang failed to prove that he is a Christian because he has not been baptized, does not attend Bible study, and provided no witnesses who could corroborate his commitment and dedication to Christianity. Alternatively, the IJ ruled that even if Yang is a Christian, he failed to prove that he was persecuted or has a well-founded fear of persecution if returned to China. The BIA, by a single member, affirmed without opinion. Yang now petitions for review.[1]

The Attorney General has discretion to grant asylum to any alien who qualifies as a refugee. See 8 U.S.C. § 1158(b)(1); Lukwago v. Ashcroft, 329 F.3d 157, 167 (3d Cir. 2003). For relevant purposes, a refugee is any alien who is unable or unwilling to return to his country of nationality because of past persecution or a well-founded fear of persecution on account of religion. See 8 U.S.C. § 1101(a)(42); Lukwago, 329 F.3d at

---

[1] We have jurisdiction over Yang's petition for review pursuant 8 U.S.C. § 1252. Because the BIA summarily affirmed without opinion, we review the IJ's decision. See Dia v. Ashcroft, 353 F.3d 228, 245 (3d Cir. 2003) (en banc).

167.[2]  We review the IJ's factual determination that Yang has not demonstrated past persecution or a well-founded fear of persecution under the substantial evidence standard. Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir. 2002).  Under this standard, we will uphold the IJ's findings to the extent that they are supported by reasonable, substantial, and probative evidence on the record as a whole.  Id.

Upon review of the record as a whole, we find reasonable, substantial, and probative evidence to support the IJ's decision.  In particular, we agree with the IJ that Yang failed to prove that he was persecuted or has a well-founded fear of persecution if returned to China.[3]  The IJ credited Yang's testimony that he had attended a religious gathering from which he fled when Chinese officials disrupted.  The IJ also believed Yang's testimony that he was a fisherman whose family depended on his income for support, and that his boat had been destroyed.  As the IJ properly noted, however, no evidence suggests that Yang was detained, arrested, beaten, or otherwise subjected to any extreme treatment giving rise to a claim of persecution.  No evidence suggests that the

---

[2]Yang also applied for statutory withholding of removal, which requires him to show that it is more likely than not that he will be persecuted on account of one of the statutorily prescribed attributes.  See 8 U.S.C. § 1231(b)(3)(A); 8 C.F.R. § 208.16(b); Lukwago, 299 F.3d at 182.  Because we agree with the IJ that Yang failed to satisfy the standard for asylum, as explained herein, he necessarily fails to meet the standard for statutory withholding of removal.  See Lukwago, 299 F.3d at 182.  To the extent Yang also applied for relief under the CAT, we find no evidence giving rise to a claim of torture.  See 8 C.F.R. § 208.16(c).

[3]We need not review the IJ's finding that Yang failed to prove that he is a Christian. We note only that the record provides no support for the proposition that an individual who wishes to become a Christian must be baptized and attend Bible study regularly.

3

destruction of his boat was in any way related to his religion. No evidence suggests that Yang is a religious leader or that Chinese officials still look for him based on his attendance at a Christian gathering. In other words, the IJ correctly ruled that Yang failed to demonstrate past persecution or a well-founded fear of persecution.

In sum, we conclude that the IJ's decision is supported by reasonable, substantial, and probative evidence on the record as a whole. Accordingly, we will deny Yang's petition for review.